IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOY LASKAR, Ph.D.,                          *
                                            *
    Plaintiff,                          *
                                            *
v.                                          *        Civil Action No.
                                            *        1:13-1609-RLV
THE BOARD OF REGENTS OF  THE                *
UNIVERSITY SYSTEM OF GEORGIA,               *
et al.,                                     *
                                            *
    Defendants.                         *

## BRIEF IN SUPPORT OF MOTION TO DISMISS

      This is the second lawsuit filed by Dr. Joy Laskar ("Plaintiff") against the Board of Regents of the University System of Georgia ("Board of Regents" or "BOR") and others based on the decision of Dr. Bud Peterson ("Dr. Peterson"), President of the Georgia Institute of Technology ("Georgia Tech"), to revoke Plaintiff's tenure and terminate his employment. Complaint, ¶ 91.  Plaintiff appealed Dr. Peterson's decision to the Board of Regents, which affirmed the decision on August 10, 2011.  Complaint, ¶ 92.

      Plaintiff filed a lawsuit in the Superior Court of Fulton County, alleging denial of due process and that the Board of Regents' decision was not supported by the evidence.  Complaint, ¶¶ 81-89.  After the superior court dismissed his case, Plaintiff appealed.  The Georgia Court of Appeals

affirmed the trial court's decision.  *Laskar v. Bd. of Regents*, 320 Ga. App.

414 (2013).

Plaintiff's Complaint is subject to dismissal on several grounds:

1) this Court lacks subject matter pursuant to the *Rooker-Feldman* doctrine,

which bars a plaintiff who has lost in state court from seeking appellate

review in federal court; 2) Plaintiff's 42 U.S.C. § 1983 claim is subject to

dismissal pursuant to the doctrines of *res judicata* and collateral estoppel

based on the Georgia Court of Appeal's decision, *Laskar v. Bd. of Regents*,

320 Ga. App. 414 (2013); 3) Plaintiff has failed to state a claim upon which

relief can be granted under 42 U.S.C. § 1983; 4) Plaintiff has failed to state a

claim upon which relief can be granted under 42 U.S.C. § 1985(3); 5) the

Board of Regents is not a "person" under 42 U.S.C. § 1983 and therefore not

subject to liability under that statute and also is entitled to Eleventh

Amendment immunity; and 6) Plaintiff's claims against Dr. Peterson and the

members of the Board of Regents,[1] each of whom have been named

individually and in their official capacities, are subject to dismissal because

they are entitled to qualified immunity from suit.

---

[1]  Plaintiff named as Defendants all members of the Board of Regents who
were serving on the BOR on August 10, 2010, the date on which the BOR
reviewed Plaintiff's appeal.  Some of these individuals are still current
members; some are now former Board members.

## STATEMENT OF FACTS

Plaintiff was appointed to the faculty at Georgia Tech as an assistant professor in 1995.  Complaint, ¶40 [22].[2]  Plaintiff was promoted to associate professor in 1998 and received tenure in 2002.  *Id.*  In approximately 2003, the Georgia Electronic Design Center ("GEDC") was established, and Plaintiff was appointed Director.  Complaint, ¶ 41 [23].  The GEDC is an inter-disciplinary center at Georgia Tech broadly focused on fostering technology at the intersection of today's communications applications, wireless/RF, wired/copper and fiber channels.  Complaint, ¶ 42 [24].

Each year during his employment, Petitioner entered into a signed written contract with the Board of Regents.  Complaint, ¶¶ 47 and 48 [29 and 30].  *See also* Defendant's Exhibit B-1.[3]  The contract included a provision that: "[t]his agreement is made expressly subject to the applicable

---

[2] The number in brackets refers to the paragraph in "Plaintiff's Petition for Writ of Certiorari, or, in the Alternative, Petition for Writ of Mandamus," which was filed in the Superior Court of Fulton County.  Defendant's Exhibit A.  The allegations contained in Plaintiff's Complaint in this Court are virtually identical to those asserted in his state court Petition.

[3] Defendants' Exhibits B-1 through B-8 are being filed as those exhibits were originally filed in state court, as attachments to Defendants' Motion to Dismiss, which is being filed as Defendants' Exhibit B.  The exhibits have been remarked with new exhibit numbers in the lower right hand corner of the first page.

state and federal laws and to the statutes and regulations of this institution and to the Bylaws and Policies of the Board of Regents, which are available for inspection upon your request."  Complaint, ¶ 48 [30].  *See also* Defendants' Exhibit B-1.  A copy of Section 8.3.9 of the Board of Regents Policy Manual governing discipline and removal of faculty members is attached hereto as Defendants' Exhibit B-2.  A copy of Section 5.10 of the Georgia Tech Faculty Handbook is attached hereto as Defendants' Exhibit B-3.

On approximately May 17, 2010, Dr. Peterson sent a letter to Plaintiff notifying him that based on a recent internal audit at the GEDC, "the Institute's Department of Internal Auditing discovered what they believe to be substantial evidence of malfeasance on your part including the misappropriation of Institute resources for the benefit of a company, Sayana Wireless, LLC, of which you are part owner."  Complaint, ¶ 58 [41].[4]

On June 15, 2010, Plaintiff was notified that Georgia Tech intended to initiate dismissal proceedings.  Complaint, ¶ 63 [43].  The first step in the process is "discussion between the Faculty member and appropriate administrative Officers looking toward a mutual settlement."  *Id.*  On June

---

[4] Although Dr. Peterson initially placed Plaintiff on suspension without pay, Plaintiff's status was subsequently changed to suspension with pay pending a final decision by the Board of Regents.  Plaintiff was also reimbursed for all back pay and benefits.   Complaint, ¶ 59-62 [42].

24, 2010, Plaintiff met with the Provost, Dr. Gary B. Schuster. Complaint, ¶¶ 64 and 65 [43 and 44]. Because no "mutual settlement" was reached, Plaintiff's case was referred to the Faculty Status and Grievance Committee, which voted in favor of dismissal proceedings. Complaint, ¶ 71 [51]. *See also* Defendant's Exhibit B-3.

On July 9, 2010, Dr. Peterson notified Plaintiff that the Faculty Status and Grievance Committee had voted in favor of dismissal proceedings and that Plaintiff was entitled to a statement of charges and a formal hearing upon request. Complaint, ¶ 74 [54]. On July 28, 2010, Plaintiff made a request for a statement of charges and a formal hearing. Complaint, ¶ 75 [55].

The statement of charges was served on Plaintiff and his attorney on October 6, 2010. Complaint, ¶¶ 76 and 78 [56 and 58]. *See also* Defendants' Exhibit B-2 at 2 (service of notice and hearing shall be made in writing at least twenty days prior to hearing). Both the Board of Regents' policy and Section 5.10.4 of the Georgia Tech Faculty Handbook list several additional procedures to be followed by the Faculty Hearing Committee, which include: keeping a tape recording or transcript of the proceeding; affording a reasonable opportunity to the faculty member to obtain witnesses and documentary or other evidence; and the right to confront and cross

examine all witnesses.  Defendants' Exhibit B-2 at 2.  The policy provides that the findings of fact and decision of the Faculty Hearing Committee shall be based solely on the hearing record.  *Id.*

The hearing was conducted on March 28, 2011, through March 31, 2011.  Complaint, ¶ 77.  *See also* Petition, ¶ 60 (Defendants' Exhibit A).  Each side was limited to five hours of presentation, including opening statements, direct examination of witnesses, cross examination of witnesses, introduction of written evidence, and closing argument.  Complaint, ¶ 85.  *See also* Petition, ¶ 60.  The Committee members deliberated as a committee for approximately eight hours and spent numerous additional hours reviewing the record before issuing their report to Dr. Peterson on May 7, 2011.  Complaint, ¶ 87 [68].  *See also* Defendants' Exhibit B-5 at 1.

The Committee found that charge one was proven in part and that charges three and five were fully proven.  The Committee found that charges two and four were not proven.  *Id.*  The Committee made the following recommendation:

> These violations are sufficiently egregious to warrant dismissal.  While the climate in GEDC may have encouraged some of these violations, Professor Laskar's leadership position in the GEDC gave him a particular responsibility to set an example and to insure that such violations did not occur.

*Id*. at 2.  On May 14, 2011, Dr. Peterson wrote Plaintiff and advised him that after reviewing the Committee's report and recommendation, as well as the record of the hearing, he agreed with the Committee's recommendation and therefore Plaintiff's tenure was revoked and his employment terminated.[5] Complaint, ¶ 90.  *See also* Petition, ¶ 71.  On approximately June 3, 2011, Plaintiff appealed Dr. Peterson's decision to the Board of Regents. Complaint, ¶ 91 [72].  On August 10, 2011, the Board of Regents affirmed Dr. Peterson's decision.  Complaint, ¶ 92 [78].

## STATE COURT ACTION

Plaintiff filed a Petition for Writ of Certiorari, or, in the Alternative, Petition for Writ of Mandamus ("Petition") in the Superior Court of Fulton County on September 9, 2011. *Laskar v. Board of Regents, et al.*, Civil Action File No. 2011 CV 205556.  Defendant's Exhibit A.  In Count One of his Petition, Plaintiff alleged that he had been denied procedural due process.

---

[5] Plaintiff alleges that the Faculty Hearing Committee's findings and recommendation were not provided to him in accordance with Section 5.10.4 of Georgia Tech's policy.  The policy states in pertinent part:  "The President and Faculty member will be notified in writing of the decision and recommendation, if any, of the Hearing Committee."  Defendants' Exhibit B-3 at 2.  The Committee only sent a copy of its report to Dr. Peterson. However, Dr. Peterson provided a copy of the Committee's report to Plaintiff one week later with his May 14, 2011 letter.  Complaint, ¶ 90 [71].

Petition, ¶¶ 81-86.  In Count Two, Plaintiff alleged that the BOR's decision "lack[ed] substantial evidence in support of the charges."  Petition, ¶¶ 87-89.

On October 13, 2011, Defendants filed a Motion to Dismiss the Petition.  Defendant's Exhibit B.  In their Brief in Support of Motion to Dismiss, Defendants argued that the Petition was subject to dismissal on two grounds:  1) the superior court lacked jurisdiction to review a final employment decision of the Board of Regents; and 2) Plaintiff's procedural due process claim was subject to dismissal for failure to state a claim upon which relief can be granted.  *Id.*

On November 9, 2011, Plaintiff filed his Brief in Opposition to Defendant's Motion to Dismiss.  Defendant's Exhibit C.  Plaintiff only responded to Defendants' first argument and chose not to respond to Defendants' argument that Plaintiff's due process claim was subject to dismissal for failure to state a claim upon which relief is granted.  *Id.* at 8, n. 5.  Defendants filed a Reply Brief on December 9, 2011.  Defendant's Exhibit D.

On December 21, 2011, the trial court granted Defendant's Motion to Dismiss on the grounds that the court lacked subject matter jurisdiction to review the Board of Regents' decision.  Based solely on the allegations contained in the Petition, the trial court found that Plaintiff's "rendition of

the events giving rise to the revocation and termination can hardly be described as a 'deprivation of major proportion.'"  Defendants' Exhibit E at 6 (quoting *Houston v. Bd. of Regents*, 282 Ga. App. 412, 414 (2006)).  *See also* Plaintiff's Complaint, ¶ 100.  [Doc. 1 at 34].

Plaintiff appealed and on March 15, 2013, the Georgia Court of Appeals affirmed the trial court's decision.  *Laskar*, 320 Ga. App. at 414. Plaintiff filed a Notice of Intention to Apply to the Georgia Supreme Court for Writ of Certiorari on March 22, 2013; however, Plaintiff withdrew his notice on April 4, 2013.  Defendant's Exhibits F and G.

On May 15, 2013, Plaintiff filed a two-count Complaint in this Court alleging violation of his due process rights under 42 U.S.C. §§ 1983 and 1985(3).  [Doc. 1].

## STANDARD OF REVIEW

The Court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) when the existence of the defense can be judged from the face of the complaint.  *Starship Enter. of Atlanta, Inc. v. Coweta Cnty*, 708 F.3d 1243, 1253, n. 13 (11th Cir. 2013).  In doing so, the Court may consider documents attached to the motion if they are referred to in the complaint and are central to Plaintiff's claim.  *Id.  See also Brown v. One Beacon Ins. Co., Inc*., 317 Fed. Appx. 915, 917 (11th Cir.

2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368, 69 (11th Cir. 1997) (per curiam)).  *See also Tuscano v. Evening Journal Assoc.*, 179 Fed. Appx. 621, 623, n. 3 (11th Cir. 2006) (court may take judicial notice of another court's orders).

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the factual allegations in the complaint as true.  However, it is not bound to accept as true any "legal conclusion couched as a factual allegation." *Smith v. Thurmond*, 854 F. Supp. 2d. 1338, 1340 (S.D. Ga. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. V. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT AND CITATION OF AUTHORITY

A.  *The Court lacks jurisdiction pursuant to the*
    *Rooker-Feldman doctrine.*

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings." *Nicholson v. Career Assessment Atlanta, Inc.*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005)).  *See also Wilson v. Selma Water Works and Sewer Board*, 2013 U.S. App. LEXIS 12886 (11th Cir. June 24, 2013).  The doctrine applies to any federal claim

that is "inextricably intertwined" with the state court judgment, unless the plaintiff did not have a reasonable opportunity to raise the claim in the state court proceeding.  *McSparin v. McSparin*, 489 Fed. Appx. 348, 350 (11th Cir. 2013) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). The doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson*, 558 F.3d at 1268 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

The due process claims Plaintiff alleges in his Complaint in this Court are indistinguishable from the due process claims Plaintiff alleged in his state court action.  *Compare* Docket Entry 1 and Defendants' Exhibit A. The due process clause under the State Constitution provides the same procedural due process rights in public employment cases as the federal due process clause.  *Camden County v. Haddock*, 271 Ga. 664, 665 (1999).  *See also* Ga. Const. Art. I, § 1, ¶ 1; *Joiner v. Glen*, 288 Ga. 208, 209 (2010).

Plaintiff could have chosen to proceed first in federal court had he wanted to litigate his federal claim in a federal forum.  *Sharpley v. Davis*, 786 F.2d 1109, 1112 (11th Cir. 1986) (citing *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S.75, 84 (1984)).  By choosing to litigate his claims, including his due process claim, in state court first, "he eliminate[d]

the opportunity to present such federal claims in a federal forum." *Id*. at

1112, n. 2.

> B.      *Plaintiff's claim pursuant to 42 U.S.C. § 1983 is*
> *subject to dismissal based on the doctrines of res*
> *judicata and collateral estoppel.*

The court must apply state law in order to determine whether to give

preclusive effect to a state court judgment. *Starship Enter.*, 708 F.3d at

1252-53.  Under Georgia law, "one must assert all claims for relief

concerning the same subject matter in one lawsuit and any claims for relief

concerning that same subject matter which are not raised will be res judicata

pursuant to OCGA § 9-12-40." *Id*. at 1254 (quoting *Fowler v. Vineyard*, 261

Ga. 454, 458 (1991)).

Three prerequisites must be met before *res judicata* will apply:

"(1) identity of the cause of action; (2) identity of the parties or their privies;

and (3) previous adjudication on the merits by a court of competent

jurisdiction." *Starship Enter.,* 708 F.3d at 1253 (quoting *James v. Intown*

*Ventures, LLC*, 290 Ga. 813, 816 (2012)).  All three prerequisites are met in

this case.  First, the cause of action in this case is the same as that asserted

by Plaintiff in his state court action; i.e. a due process claim.  Second, the

identity of the parties is the same.  The fact that Plaintiff has added the

members of the Board of Regents to this action does not change the fact that

this lawsuit is, in essence an action against the Board of Regents. *Howkins v. Caldwell*, 587 F. Supp. 98, 103 (N.D. Ga. 1983) (Vining, J.), *aff'd without opinion.*, 749 F.2d 35 (11th Cir. 1984), *cert. denied*, 471 U.S. 1117 (1985). Third, there has been a final adjudication on the merits. *Laskar*, 320 Ga. App. at 414. *See also Shields v. Bellsouth Advertising and Pub. Co., Inc.*, 228 F.3d 1284, 1288 (11th Cir. 2000).

The fact that neither the trial court nor the Georgia Court of Appeals addressed the merits of Plaintiff's due process claim does not limit the preclusive effect of the Georgia Court of Appeals' decision. Georgia law requires this Court to give preclusive effect "as to all matters put in issue or which under the rules of law might have been put in issue." O.C.G.A. § 9-12-40. Plaintiff alleged a violation of due process in his state court Petition. Petition, ¶¶ 81-86. However, even if Plaintiff had not asserted a due process claim, he *could have asserted* a due process claim in state court. *Haddock*, 271 Ga. 664, 665 (1999) (the due process clause under Georgia Constitution provides same procedural rights in public employment cases as the federal due process clause). Because Plaintiff chose to pursue his remedy in state court, he cannot now seek to relitigate his due process claims in federal court. *Starship Enter.*, 708 F.3d at 1253; *Sharpley*, 786 F.2d at 1112, n. 2.

The doctrines of *res judicata* and collateral estoppel were created to ensure consistency in judicial opinions and to conserve judicial resources.

> Both doctrines are designed to relieve parties of the cost of multiple lawsuits, conserve judicial resources, promote comity between state and federal courts, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Howkins, Id*. at 103 (citing *Kremer*, 456 U.S. 461, 466, n.6 (1982).

The federal courts have consistently applied the doctrine of *res judicata* to dismiss § 1983 claims filed by public employees if the employee previously litigated his due process claim in state court. *See e.g. Gorin*, 756 F.2d, 834, 836 (11th Cir. 1985) (citing *Kremer*, 456 U.S. 461 (1982)); *Cotton v. Jackson*, 216 F.3d 1328, 1331-32 (11th Cir. 2000); *Farrar v. Handel*, 2009 U.S. Dist. LEXIS 108 048 at *8 (N.D. Ga.) (Story, J.); *Howkins*, 587 F. Supp. at 103. *See also Sadler v. Franklin County School District*, 2011 U.S. Dist. LEXIS 85482 (M.D. Ga. 2011) (Land, J.) (dismissing Age Discrimination in Employment Act claim because court was required to give "full faith and credit" to state court's dismissal of plaintiff's employment claims).

The federal courts are required to give "full faith and credit" to any final judgment issued by a state court. *Gorin*, 756 F.2d at 836 n. 3 (citing 28 U.S.C. § 1738). *See also Estate of Brennan v. Church of Scientology Flag*

*Serv. Org.*, 645 F.3d 1267, 1276, n.5 (11th Cir. 2011); *Sadler*, 2011 U.S.

Dist. LEXIS 85482 at 15-16.  The Georgia Court of Appeals' decision

dismissing Plaintiff's case is a final judgment, which is not subject to further

appeal.  *Laskar*, 320 Ga. App. at 414.  *See also* Defendants' Exhibits F and

G.  Nothing in the language in 42 U.S.C. § 1983 expresses any

Congressional intent to contravene or repeal the express statutory

requirements of 28 U.S.C. § 1738.  *Gorin*, 756 F.2d at 837 (citing *Allen v.

McCurry*, 449 U.S. 90, 97-98 (1980)).

> C.    *Plaintiff's due process claim pursuant to 42 U.S.C.
>       § 1983 is subject to dismissal for failure to state a
>       claim upon which relief can be granted.*

Due process requires that the Board of Regents must conduct "some

kind of hearing" before terminating an employee with a protected property

interest in his employment.  *Harrison v. Wille*, 132 F.3d 679, 684 (11th Cir.

1998) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542

(1985)).  *See also Marcelin v. City of W. Palm Beach*, 417 Fed. Appx. 848,

851 (11th Cir. 2013).   Affording an employee the opportunity to respond to

the charges against him is all that is required in order to comply with due

process; a full evidentiary hearing is not required.  *Harrison*, 132 F.2d at

684.

The Georgia courts have similarly held that due process only requires that the employee be notified of the charges and given an opportunity to be heard.  *Bd. of Regents v. Hogan*, 298 Ga. App. 454, 457 (2009) (citing *Norris v. Henry County*, 255 Ga. App. 718, 719-720 (2002)).  *See also Edmonds v. Bd. of Regents*, 302 Ga. App. 1, 10 (2009) ("Neither the federal nor the state constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party has reasonable notice and opportunity to be heard.").

Thus, the Board of Regents' and Georgia Tech's policies provide more than the minimal due process required by state or federal law.  The applicable policies provide for a hearing before a committee of five faculty members and review of the committee's decision by the president.  If the President does not agree with the committee's recommendation, he is required to state the reasons in writing to the committee for response before rendering a final decision.  Defendants' Exhibit B-2 at 3 and B-3 at 2.

Plaintiff was given reasonable notice and an opportunity to be heard.  Complaint, ¶¶ 75, 78-79.  *See also* Defendants' Exhibits B-4 and B-5.  The hearing before the Faculty Hearing Committee, Dr. Peterson's review of the committee report and recommendation and his decision, and the appeal to

the Board of Regents all complied with Board of Regents and Georgia Tech policies.

Plaintiff complains that he was denied access to documents prior to the date of his hearing, including 515,000 documents that Georgia Tech was subsequently ordered to produce in an Open Records Act ("ORA") lawsuit filed by one Plaintiff's attorney, LeAnne Gilbert.  Complaint, ¶ 95 [74].  *See also* Defendants' Exhibit H.[6]  Plaintiff failed to allege how any of the documents produced by Georgia Tech after the date of the hearing would have changed the outcome of the hearing.[7]  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff complains that Georgia Tech failed to make witnesses reasonably available to him.  Complaint, ¶¶ 129-33.  Specifically, Plaintiff alleges that "Georgia Tech arranged for all of its witnesses who were employees of Georgia Tech to appear and testify, but it refused to do the

---

[6] A copy of the Georgia Court of Appeals' decision affirming the trial court's Final Order in *Gilbert v. Bd. of Regents*, Case No. A12A0448, is attached as Defendants' Exhibit I.  The Supreme Court denied Plaintiff's Petition for Writ of Certiorari.  *Gilbert v. Bd. of Regents*, 2012 Ga. LEXIS 970 (2012).

[7] In its order requiring Georgia Tech to produce documents, the trial court noted that Georgia Tech had previously produced many thousands of documents in response to 72 separate ORA requests over a period of several months prior to the date of the hearing.  Defendants' Exhibit H at 4.

same for Georgia Tech witnesses named by Laskar."  Complaint, ¶ 130.  *See also* Petition, ¶ 82 (Defendants' Exhibit A).  There is no federal or state law that requires Georgia Tech to arrange for its employees to appear and testify on Plaintiff's behalf.   Plaintiff has failed to allege specifically how Georgia Tech prevented any witnesses from testifying on his behalf.  If no Georgia Tech employees chose to testify on Plaintiff's behalf, that was their own decision.  Plaintiff also has failed to allege how the testimony of any witness who did not testify would have changed the outcome of the hearing.  Such conclusory allegations are insufficient to state a claim upon which relief can be granted.  *Iqbal*, 556 U.S. at 678.

Plaintiff alleges that the notes of one of the members of the Faculty Hearing Committee show that the Committee failed to comply with the "letter and spirit of the termination process in Dr. Laskar's case." Complaint, ¶¶ 96 and 97 [75 and 76].  However, Plaintiff failed to acknowledge that despite any concerns Dr. Linda Viney expressed regarding the hearing process, she voted in favor of revoking Plaintiff's tenure and terminating his employment.  Defendants' Exhibit B-5 at 2.

The due process clause does not require the State to provide for judicial review of administrative proceedings.  *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973) (holding that judicial review of denial of food stamp

benefits not required).  In *Laskar*, the Georgia Court of Appeals held that the Board of Regents' decision in this case was "administrative" rather than "quasi-judicial" in nature and therefore the superior court lacked jurisdiction to review the Board of Regents' decision pursuant to a petition for writ of certiorari.  320 Ga. App. at 420-21.  However, this did not leave Plaintiff without judicial recourse with regard to his dismissal.  *Id*. at 421.  Plaintiff "could have raised his due process claims in a direct action against the Board."  *Id*. at 421-22.  Additionally, Plaintiff had the right to seek mandamus relief, which he did.  Defendant's Exhibit A.  *See also Cotton*, 216 F.3d at 1332 (although plaintiff could not seek judicial review of the Board of Regent's decision to terminate his employment through a petition for writ of certiorari, he had an adequate state remedy because he could seek relief through a petition for writ of mandamus); *Goddard v. City of Albany*, 285 Ga. 882, 884-85 (2009) (terminated City of Albany employee filed petition for writ of certiorari and other state tort law claims).

In this Court, "[f]ailure to file a response shall indicate that there is no opposition to the motion."  Rule 7.1(B) of the Local Rules for the Northern District of Georgia.  *See also Stubbs v. Bank of Am*., 844 F. Supp. 2d 1267, 1268 (N.D. Ga. 2012) (Totenberg, J.) (citing *Welch v. Delta Air Lines, Inc*.,

978 F. Supp. 1133, 1148 (N.D. Ga. 1997)); *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 524 (N.D.Ga. 2012) (Anand, Mag.).

Plaintiff could have argued his due process claim to the Superior Court of Fulton County but chose not to do so.  "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process."  *Cotton*, 216 F.3d at 1331 (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc), *cert. denied*, 513 U. S. 1110 (1995)).

> D.    *Plaintiff has failed to state a claim under 42 U.S.C.*
>        *§ 1985(3).*

Plaintiff's claim under § 1985(3) is subject to dismissal because Plaintiff has not and cannot establish a conspiracy between the Defendants, which is an essential element to any claim brought under § 1985(3).  "[I]t is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself."  *Humphrey v. Napolitano*, 2013 U.S. App. LEXIS 7877 at *9 (11th Cir. April 19, 2013) (citing *Dickerson v. Alachua Cnty. Comm'r*, 200 F.3d 761, 767 (11th Cir. 2000)).  *See also Wilbourne v. Forsyth County Sch. Dist.*, 306 Fed. Appx. 473, 478 (11th Cir. 2009).  The intracorporate conspiracy doctrine applies to the public entities as well as private corporations.  *Humphreys*, 2013 U.S. App. LEXIS 7877 at *9.

Plaintiff's § 1985(3) claim is also subject to dismissal because Plaintiff has not alleged any racially based discriminatory animus. Defendants cannot be held liable under § 1985(3) absent such allegations. *Byrd v. Clark*, 783 F.2d, 1002, 1007-08 (11th Cir. 1986) (plaintiff must show that that there was some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action).

> E.   *The Board of Regents is not a "person" under 42U.S.C. § 1983 and is also is entitled to Eleventh Amendment Immunity.*

The Board is not a "person" as defined under 42 U.S.C. § 1983 and therefore is not subject to liability under that statute. *GeorgiaCarry.Org, Inc v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989)). Additionally, the Board of Regents is entitled to Eleventh Amendment immunity. *Brandenburg v. Bd. of Regents*, 2013 U.S. App. LEXIS 8316 at 3-4 (11th Cir., April 24, 2013). Because the Board of Regents cannot be sued under § 1983, this Court need not address the issue of whether the Board is entitled to Eleventh Amendment immunity. *GeorgiaCarry.Org.,* 678 F.3d at 1254. *See also Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000).

F.     Plaintiff's claims against Dr. Peterson and the
       individually-named members of the Board of
       Regents should be dismissed based on qualified
       immunity.

Dr. Peterson and each of the individually-named current and former

members of the Board of Regents, all of whom have been sued individually

and in their official capacities, are entitled to qualified immunity.  "Qualified

immunity offers complete protection for individual public officials

performing discretionary functions insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable

person would have known." *Leslie v. Hancock County Bd. of Educ.*, 2013

U.S. App. LEXIS 14123 at 9 (quoting *Loftus v. Clark-Moore*, 690 F.3d

1200, 1204 (11th Cir. 2012)).

In determining whether qualified immunity applies, the court engages

in a two-step analysis: (1) whether the facts as alleged, viewed in the light

most favorable to the plaintiff, show that the individually named defendants'

conduct violated a constitutional right, and, if so, (2) whether the right

violated was clearly established.  *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th

Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  "[T]he salient

question . . . is whether the state of the law . . . gave [Dr. Peterson and the

individual board members] fair warning that their alleged treatment of

[Plaintiff] was unconstitutional." *Leslie*, 2013 U.S. App. LEXIS 14123 at 10

22

(quoting *Vinyard v Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

Plaintiff alleges that "Defendant Peterson and the individual members of the Board of Regents acted outside the scope of their authority." Complaint, ¶ 120.  However, the Complaint contains no factual allegations to support this assertion.  Dr. Peterson and the Board members acted at all times within the scope of their authority as set forth in the Board of Regents' or Georgia Tech's policies governing the termination of a tenured faculty member.  Defendants' Exhibits B-2 and B-3.

"After carefully reviewing the report and recommendation of the [faculty hearing] committee, as well as the record of the hearing," Dr. Peterson accepted their recommendation to terminate Plaintiff's employment.  Petition, ¶ 71.[8]  (Defendants' Exhibit A).

There is no issue regarding whether Plaintiff was advised of his right to appeal Dr. Peterson's decision and Plaintiff filed a timely appeal to the Board of Regents.  *See* Defendant's Exhibit B-2 at 2.  Plaintiff alleges "upon information and belief" that neither the Board nor a committee of the Board

---

[8] Plaintiff is bound to the facts alleged in paragraph 71 of his state court Petition based on the doctrine of judicial estoppel. *Schippers v. United States*, 715 F.3d 879, 885, n.6 (11th Cir. 2013) (judicial estoppel is equitable in nature, and is designed to protect those who are misled by a change in position). *See also Goddard,* 285 Ga. at 885.

considered the issue or evidence for more than fifteen minutes. *Id*., ¶ 93.

Plaintiff also complains that he was not permitted to be present during the

Board of Regents' meeting at which his appeal was considered. *Id*., ¶ 94.

Even if these allegations are true (and the Court must assume that they

are since it is required to construe all facts in the light most favorable to

Plaintiff for purposes of Defendant's motion), such actions would not violate

Plaintiff's due process rights, as discussed in Section C, *supra*.

Because Plaintiff has not alleged sufficient facts to meet the first part

of the test, he certainly has failed to allege facts sufficient to show that any

of the individually-named Defendants violated any "clearly established

statutory or constitutional rights of which a reasonable person would have

known." *Barnes v. Zaccari*, 669 F.3d 1295, 1302 (11th Cir. 2012)

(quotations omitted). *See also Castle v. Appalachian Tech*, 631 F.3d 1194

(11th Cir. 2011). The court's inquiry into whether a constitutional violation

is clearly established should be made in light of the specific context of the

case, not as a broad general proposition. *Leslie*, 2013 U.S. App. LEXIS

14123 at 10 (citations and quotations omitted). Plaintiff has failed to allege

any facts that would support a claim that any of the individually-named

Defendants violated any clearly established statutory or constitutional rights of which they reasonably should have known.[9]

## <u>CONCLUSION</u>

Based on the foregoing argument and citation of authority, Respondents respectfully submit that the Petition for Judicial Review should be dismissed in its entirety with all costs cast against the Plaintiff.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

DENNIS R. DUNN           234098
Deputy Attorney General

STEFAN RITTER            606950
Senior Assistant Attorney General

___/s/ Julia B. Anderson_____
JULIA B. ANDERSON        017560
Senior Assistant Attorney General

---

[9] Plaintiff alleges that Dr. Peterson "should have been aware of Dr. Laskar's constitutional rights" in light of his previous employment with Texas A & M and the University of Colorado as Provost or Chancellor.  However, Plaintiff has not alleged that Dr. Peterson was ever a defendant in a lawsuit in which it was alleged that he had violated an employee's statutory or constitutional rights in a situation similar to this one.  Therefore, Plaintiff cannot claim that Dr. Peterson was on notice that any of his conduct violated any clearly established statutory or constitutional rights of which a reasonable person should have known.  *Leslie*, 2013 U.S. App. LEXIS 14123 at 10.

**Please serve:**

JULIA B. ANDERSON
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
(404) 463-3630 (telephone)
(404) 657-9932 (facsimile)

## **Local Rule 7.1.D Certification**

By signature above, counsel certifies that the foregoing document was

prepared in Times New Roman 14 point font in compliance with Local Rule

5.1B.

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JOY LASKAR, Ph.D.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.** |
| | * | **1:13-1609-RLV** |
| **THE BOARD OF REGENTS OF THE** | * | |
| **UNIVERSITY SYSTEM OF GEORGIA,** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2013, I caused to be electronically

filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS**

with the Clerk of Court using the CM/ECF system, which will automatically

send email notification of such filing to the following attorneys of record:

> Craig M. Frankel
> LeAnne M. Gilbert
> Gaslowitz Frankel, LLC
> 4500 SunTrust Plaza
> 303 Peachtree Street, N.E.
> Atlanta, GA  30308

This 29th day of July 2013.

> ____/s/ Julia B. Anderson_____
> JULIA B. ANDERSON
> Senior Assistant Attorney General